Todd Becraft, Law Office of Todd Be-craft, Los Angeles, CA, for Petitioner.

Todd Becraft, Law Office of Todd Be-craft, Los Angeles, CA, Nicole N. Murley, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CLIFTON, BEA, and WATFORD, Circuit Judges.

MEMORANDUM **

Michael Vasquez–Hernandez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings.

Santos–Lemus v. Mukasey, 542 F.3d 738, 742 (9th Cir.2008). We deny the petition for review.

Vasquez–Hernandez contends gang members subjected him to threats, extortion, and an assault on account of his political opinion and his membership in a social group. Substantial evidence supports the BIA's determination that Vasquez–Hernandez failed to establish past persecution or a fear of future persecution on account of a protected ground. *See id.* at 742–44, 746–47; *Zetino v. Holder,* 622 F.3d 1007, 1016 (9th Cir.2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, Vasquez–Hernandez's asylum claim fails.

Because Vasquez–Hernandez failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

Daisy SOSA–SALGUERO, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 12–73239.

United States Court of Appeals,
Ninth Circuit.

---

Submitted May 13, 2014.*

Filed May 23, 2014.

Seth L. Reszko, Esquire, Reza Athari & Associates, PLLC A Multi–Jurisdictional Firm, Las Vegas, NV, for Petitioner.

Sunah Lee, Trial, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CLIFTON, BEA, and WATFORD, Circuit Judges.

## MEMORANDUM **

Daisy Sosa–Salguero, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder,* 590 F.3d 1034, 1039–40 (9th Cir.2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies within and among Sosa–Salguero's affidavit, testimony, and documentary evidence regarding the dates of two beatings and the order in which they occurred. *See id.* at 1048 (adverse credibility finding reasonable under totality of circumstances). The agency was not compelled to accept Sosa–Salguero's explanations for the inconsistent dates. *See Zamanov v. Holder,* 649 F.3d 969, 974 (9th Cir.2011). Contrary to Sosa–Salguero's contention, the BIA did not fail to consider the totality of the evidence. We also reject her contention that the BIA improperly relied on minor or incidental inconsistencies. *See Shrestha,* 590 F.3d at 1046–47 ("[a]lthough inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight"). In the absence of credible testimony, Sosa–Salguero's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Further, Sosa–Salguero's CAT claim fails because it is based on the same statements the agency found not credible, and she does not point to any other evidence in the record that would compel the finding that it is more likely than not she would be tortured if returned to Guatemala. *See id.* at 1156–57.

Finally, we reject Sosa–Salguero's contentions that the BIA erred in its analysis of her withholding of removal and CAT claims.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.